UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

**UNITED STATES OF AMERICA,**

     **v.**　　　　　　　　　　　　　　　　　　　　　　　CR NO.  07-108 (JMF)

**VINCENT ROBERTS,**

     **Defendant.**

---

### DETENTION MEMORANDUM

This matter comes before me upon the application of the United States that the defendant be detained pending trial.  After a hearing, the government's motion was granted, and this memorandum is submitted to comply with the statutory obligation that "the judicial officer shall—include written findings of fact and a written statement of the reasons for the detention."  18 U.S.C. § 3142(i)(1).

### FINDINGS OF FACT

1. This is an interdiction case.  The defendant was on a bus that was coming from New York when it stopped in Washington, DC on its way to Memphis.

2. Detective James Zaraga boarded the bus and found 145 grams of heroin in the defendants' waistband.

3. Zaraga is experienced in drug cases and explained that some of the heroin was in "fingers" or "pellets."  This means that it was packaged so that a courier could put in a condom, swallow it, and excrete it upon arrival in the United States.

### REASONS FOR DETENTION

An examination of the factors required to be considered by 18 U.S.C. section 3142(g)

compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

## The Statutory Standard

Defendants who are charged with an offense for which a term of imprisonment of 10 years is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951 *et seq.*), or the Maritime Drug Law Enforcement Act (46 U.S.C. §§ 1901 *et seq.*) are eligible for pretrial detention. 18 U.S.C. § 3142(f)(1)(C). If there is probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in those three statutes, it is presumed that there is no condition or combination of conditions which will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(e). In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer is to consider:

1. The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2. The weight of the evidence;

3. The history and characteristics of the person, including

    a. His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties;

    b. Past conduct, history relating to drug or alcohol abuse;

    c. Criminal history;

    d. Record concerning appearance at court proceedings;

  e. Whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law;

4. The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142.

An examination of these factors compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

**The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.** Obviously, heroin is a narcotic drug and the defendant has enough to make, according to Zaraga, 1,450 doses of retail heroin. Most significantly, some of the heroin was packaged as it would be when it is smuggled into the country by couriers who swallow it. This means that the defendant was certainly at the upper echelons of the drug trade because he had access to what appears to be the heroin smuggled into the country.

**Defendant's character, physical and mental condition, family ties, employment, financial resources, and length of residence in the community.** The defendant has absolutely no roots in this community. He lives in Memphis where his sister says he once had a job.

**The weight of the evidence.** The government's case is obviously overwhelming and the likelihood of the defendant pleading guilty high.

**History relating to drug or alcohol abuse.** There was no information as to this factor.

**Record concerning appearance at court proceedings and prior criminal record and**

**whether on probation or parole at the time of the present offense.** Defendant was convicted in Tennessee of conspiracy to distribute a controlled substance and of a firearm offense. Most significantly, he is on supervised release in the United States District Court in Tennessee.

## CONCLUSION

A weighing of all the pertinent facts compels the conclusion that the defendant should be detained pending trial. Defendant has offered nothing to rebut the presumption of his dangerousness created by the Bail Reform Act. He is a courier of wholesale quantities of drugs and his doing so directly endangers this community since the drugs consumed by the addicts on the streets are brought into the District by people like the defendant. I therefore find by clear and convincing evidence that there are no conditions or combination of conditions I could set which would reasonably assure the safety of the community. I will, therefore, order the defendant detained without bond pending trial.

_____/s/_____
**JOHN M. FACCIOLA**
**UNITED STATES MAGISTRATE JUDGE**

**April 5, 2007**